IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BLANCA GOMEZ ARELLANO, Individually and as Representative of the Estate of Martin Gomez Arellano, Plaintiff, | § § § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| UNITED STATES OF AMERICA, Defendant. | § § § § | |

## ORIGINAL COMPLAINT

Plaintiff BLANCA GOMEZ ARELLANO brings this complaint on her own behalf and on behalf of her deceased son, Martin Gomez Arellano, against the UNITED STATES OF AMERICA for violations of Mr. Gomez Arellano's civil rights and requests relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672.

1. The wrongful acts and omissions of United States Customs and Border Protection (CBP) agents at the Falfurrias, Texas Border Patrol Station caused Mr. Gomez Arellano's personal injuries and his slow, unimaginably painful death. He died trapped and crammed in a closed container, locked from the outside, where his body slowly decomposed in the South Texas heat. The agents responsible for his death acted within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Texas. *See* 28 U.S.C. § 1346(b).

2. As alleged with greater specificity in this Original Complaint, Mr. Gomez Arellano died as a result of the negligent actions and omissions, or intentional, knowing or

reckless acts, of agents of Customs and Border Protection, an agency of the Defendant United States.

## JURISDICTION AND VENUE

3. This is a civil action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1346(b).

4. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1402(b) because the events giving rise to these claims occurred in this judicial district.

5. Plaintiff Blanca Gomez Arellano timely filed administrative complaint, Form SF-95, with CBP related to the death of her son Martin Gomez Arellano.

6. By letter dated November 28, 2018, CBP denied Plaintiff's administrative claim. In the denial notification, CBP advised Plaintiff that if she disagreed with the denial, she had the right to file suit in federal district court "no later than six months after the date of mailing this notification."

7. This instant suit is timely filed under, 28 U.S.C. § 2401(b), since six months have not expired since the date of the denial of the administrative claim.

## PARTIES

8. Plaintiff Blanca Gomez Arellano is a national and resident of Mexico. Plaintiff Blanca Gomez Arellano is the mother of the decedent, Martin Gomez Arellano, and a representative of his Estate in this action.

9. Defendant United States of America is a sovereign nation responsible for the enforcement of the immigration laws through, among others, officers, agents, and employees of

the Department of Homeland Security and its component agency, Customs and Border Protection.

## STATEMENT OF FACTS

10. On or about October 3, 2017, CBP employees stopped and detained a tractor-trailer for inspection at the U.S. Customs and Border Protection Station in Falfurrias, Texas.

11. CBP employees discovered an undocumented individual, Roberto Rico-Duran, inside an interior compartment in the sleeper cabin of the trailer.

12. CBP employees took the driver and the undocumented individual into custody. CBP employees then impounded the tractor-trailer.

13. The impounded tractor-trailer was within the custody and control of CBP.

14. On or about October 6, 2017, while the tractor-trailer was still within the custody and control of CBP, fluids and a foul odor leaked from the impounded tractor-trailer.

15. CBP agents contacted the Brooks County Sheriff's Office to investigate.

16. The Sheriff's Office found what was left of the decomposing body of Martin Gomez Arellano in an interior compartment inside the tractor-trailer.

17. Customs and Border Protection negligently or intentionally, knowingly or recklessly, caused the extreme suffering and wrongful death of Martin Gomez Arellano.

18. Mr. Gomez Arellano died by asphyxiation after being left inside an interior compartment of the tractor-trailer impounded by Customs and Border Protection.

19. This compartment was visibly marked on its exterior with signage indicating that it was a "LIFTABLE LOWER BUNK."

20. The U.S. Customs and Border Protection Inspector's Field Manual (2006) ("CBP Inspector's Field Manual"), Chapter 44.5, requires that:

"The following procedural steps ***must be taken*** after the decision to seize a conveyance[1] has been made. …
All closed containers ***must be opened and their contents inventoried*** as part of the inventory, unless their content can be accurately ascertained by examination of the container." (Emphasis added.)

21. The CBP Inspector's Field Manual was in effect and binding on CBP employees at all relevant times.

22. CBP employees negligently failed to conduct a search, inspection and inventory of the tractor-trailer and its closed containers, as required by the governing CBP's Inspector Field Manual. U.S. Customs & Border Protection, U.S. Dept. of Homeland Security, U.S. Customs and Border Protection Inspector's Field Manual, Chapter 44.5 (2006).

23. CBP employees had no discretion to ignore the Manual's rules and protocols concerning the inspection of containers seized by CBP.

24. Mr. Gomez Arellano suffered a torturous and entirely preventable death as a direct result of the negligence of CBP employees.

25. CBP employees did not follow CBP requirements and protocols by not opening and conducting an inventory of all closed containers of the impounded tractor-trailer. *See id*.

26. CBP employees either negligently failed to follow CBP requirements by failing to conduct a thorough search and inspection and inventory of the tractor-trailer, or, in the alternative, CBP employees intentionally, knowingly or recklessly left Mr. Gomez Arellano to die inside the trailer.

27. Because of the actions of CBP employees, Mr. Gomez Arellano was robbed of the opportunity to live out the rest of his life.

---

[1] The Manual defines a conveyance as follows: "A conveyance is simply a mobile object, such as a vehicle, which can be used to transport a person from one location to another. A trailer is a vehicle if it is being towed or is readily capable of being towed. . . ." Exhibit A, U.S. Customs and Border Protection Inspector's Field Manual (2006), Chapter 44.1(b).

28. He instead died an extremely painful death, alone and terrified inside a small box due to CBP employees' failure to properly do their job and follow CBP policies regarding the searching and inspection of vehicles.

29. Especially considering that CBP employees had already found another man in a closed compartment inside the tractor-trailer, CBP's manual required that they search and inventory every compartment inside the tractor-trailer.

30. Because of CBP's failures, Mr. Gomez Arellano's family, including his mother, are forever denied his company and his financial support.

31. Mr. Gomez Arellano's mother has been harmed by having her next of kin die a horrible and absolutely preventable death. Plaintiff has suffered "emotional pain, torment, and suffering" due to Mr. Gomez Arellano's death. *Saenz v. Fid. & Guar. Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996).

32. By failing to conduct a thorough inspection of the impounded vehicle, as required by the U. S. Customs & Border Protection Inspector's Field Manual, and thus failing to find Mr. Gomez Arellano, employees of CBP directly caused Mr. Gomez Arellano's pain, suffering, and death.

33. The DHS employees of U.S. Customs & Border Protection were negligent, and are liable to Plaintiff under Texas law.

34. In the alternative, if CBP agents were not negligent and did search and inventory every compartment inside the tractor-trailer, then CBP agents intentionally, knowingly or recklessly left Mr. Gomez Arellano trapped in the compartment.

## CAUSES OF ACTION

**Federal Tort Claims Act - 28 U.S.C. § 1346(b)**
*Negligence*

35. Plaintiff re-alleges and incorporates by reference paragraphs 10 – 34 above.

36. Under Texas law, negligence requires that a (1) defendant owed the plaintiff a legal duty, (2) defendant breached that duty, and (3) defendant's breach proximately caused damages to the plaintiff. *Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017).

37. Defendant owed a legal duty of care to Mr. Gomez Arellano to comply with CBP requirements for inspection of the impounded tractor-trailer.

38. CBP officers breached the duty they owed to Mr. Gomez Arellano when they violated a mandatory, non-discretionary duty by failing to thoroughly inspect the impounded tractor-trailer as mandated by agency policy. *See* Exhibit A, U.S. Customs & Border Protection, U.S. Dept. of Homeland Security, U.S. Customs and Border Protection Inspector's Field Manual (2006), Chapter 44.5.

39. Opening, searching and inventorying every closed container inside the vehicle being seized was a mandatory, non-discretionary function mandated by CBP's Field Inspector Manual.

40. The negligence of Defendant and its agents proximately caused Mr. Gomez Arellano's injuries and death.

41. Defendant is liable for the negligent acts of CBP employees acting on its behalf.

42. The actions of Defendant constitute negligence under Texas law.

43. Plaintiff is entitled to actual and compensatory damages.

### Federal Tort Claims Act - 28 U.S.C. § 1346(b)
*Gross Negligence*

44. Plaintiff re-alleges and incorporates by reference paragraphs 10 – 34 above.

45. Under Texas tort law, gross negligence involves two components: "(1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001) (internal citations omitted).

46. Defendant's actions involved an extreme degree of risk. Especially after CBP employees confirmed the presence of one individual in an inside compartment of the tractor-trailer, CBP policy mandates that they search and inventory every compartment. Defendants explicitly failed to abide by CBP policy.

47. As a result of the acts and omissions of CBP employees, Mr. Gomez Arellano suffered personal injuries and death.

48. Mr. Gomez Arellano's injuries and death were caused by the grossly negligent or wrongful acts or omissions of CBP employees when they failed to inspect the tractor-trailer as mandated by agency policy.

49. The CBP employees who searched the tractor-trailer found another man in a compartment in the sleeper cabin of the tractor-trailer. Accordingly, they had actual, subjective awareness of the risk involved in proceeding with conscious indifference to the rights, safety and welfare of any other individual inside the tractor-trailer by failing to abide by CBP manual requirements to open, search and inventory every closed container in the tractor-trailer.

50. Opening, searching and inventorying every closed container inside the vehicle being seized was a mandatory, non-discretionary function mandated by CBP's Field Inspector Manual. *See* Exhibit A.

51. Through their grossly negligent actions, CBP officers violated a mandatory, non-discretionary duty that resulted in Mr. Gomez Arellano being left to die inside a small closed container inside the impounded tractor-trailer.

52. Mr. Gomez Arellano's injuries and death were proximately caused by the gross negligence of CBP employees. Defendant is liable for the grossly negligent acts of CBP employees acting on its behalf.

53. The actions of Defendant constitute gross negligence under Texas law.

54. Plaintiff is entitled to actual, compensatory, and punitive damages.

### Federal Tort Claims Act - 28 U.S.C. § 1346(b)
*Assault & Battery*

55. Plaintiff re-alleges and incorporates by reference paragraphs 10 – 34 above.

56. In the alternative, if CBP the agents who searched the tractor-trailer were not negligent or grossly negligent, then they intentionally, knowingly or recklessly left Mr. Gomez Arellano inside the tractor trailer and are liable for the tort of assault and battery.

57. There are two elements of assault and battery under Texas law: 1) intentionally, knowingly, or recklessly; 2) causing bodily injury to another, threatening another with imminent bodily injury, or causing physical contact with another when you know or should reasonably believe that the other will regard the contact as offensive or provocative. *See* Tex. Penal Code Ann. § 22.01(a). The definition of assault is the same whether it is used pursuant to criminal prosecution or civil suit for damages. *Morgan v. City of Alvin*, 175 S.W.3d 408, 418 (Tex. App.-Houston [1st Dist.] 2004, no pet.).

58. Defendant intentionally, knowingly, or recklessly failed to abide by a non-discretionary CBP mandate by not searching the inside compartments of the impounded tractor-trailer.

59. The actions and omissions of CBP employees caused bodily injury to Mr. Gomez Arellano.

60. The CBP employees who searched the tractor-trailer knew of the CBP mandate requiring them to search and inventory every compartment of the tractor-trailer. Because of their failure to do so, Mr. Gomez Arellano suffered a slow and painful death.

61. The actions and omissions of Defendant constitute assault and battery under Texas law.

62. Plaintiff is entitled to actual, compensatory, and punitive damages

### Federal Tort Claims Act - 28 U.S.C. § 1346(b)
*False Imprisonment*

63. Plaintiff re-alleges and incorporates by reference paragraphs 10 – 34 above.

64. In the alternative, if CBP the agents who searched the tractor-trailer were not negligent or grossly negligent, then they intentionally left Mr. Gomez Arellano inside the tractor trailer and are liable for the tort of false imprisonment.

65. The elements of a false imprisonment claim in Texas are: 1) willful detention; 2) without consent; and 3) without authority of law. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002); *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985).

66. The CBP employees who searched and impounded the tractor-trailer willfully detained the tractor-trailer and Mr. Gomez Arellano inside of it.

67. The CBP employees who searched and impounded the tractor-trailer left Mr. Gomez Arellano inside the container of the tractor-trailer without his consent.

68. The CBP employees who searched and impounded the tractor-trailer did not have authority of law to leave Mr. Gomez Arellano inside the compartment of the tractor-trailer. On the contrary, the CBP Field Inspector Manual mandates that they open, search and inventory all closed containers, including, in this case, the container where Mr. Gomez Arellano was.

69. As a result of the acts and omissions of CBP employees, Mr. Gomez Arellano suffered injuries and death.

70. The actions and omissions of Defendant constitute false imprisonment under Texas law.

71. Plaintiff is entitled to actual, compensatory, and punitive damages

### Federal Tort Claims Act - 28 U.S.C. § 1346(b)
*Intentional Infliction of Emotional Distress*

72. Plaintiff re-alleges and incorporates by reference paragraphs 10 – 34 above.

73. In the alternative, if CBP the agents who searched the tractor-trailer were not negligent or grossly negligent, then they intentionally or recklessly left Mr. Gomez Arellano inside the tractor trailer and are liable for the tort of intentional infliction of emotional distress inflicted on Mr. Gomez Arellano before his death, as well as to Plaintiff Blanca Gomez Arellano individually.

74. A defendant is liable for intentional infliction of emotional distress when "a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann--La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). The elements of intentional infliction of emotional distress are: 1) the defendant acted intentionally or recklessly; 2) the defendant's conduct was extreme and

outrageous; 3) the conduct caused the plaintiff emotional distress; and 4) the emotional distress was severe. *Id*.

75. CBP employees acted intentionally or recklessly by refusing to abide by CBP manual mandates to search and inventory every compartment in the tractor-trailer. Defendant's actions were intentional and reckless, particularly given that they had already found another undocumented individual inside the tractor-trailer.

76. The CBP employees' actions in not abiding by CBP mandate were extreme and outrageous, especially given that another undocumented individual had already been found inside the tractor-trailer and the tractor-trailer was impounded.

77. The CBP employees' conduct caused Mr. Gomez Arellano emotional distress. Mr. Gomez Arellano suffered personal injuries and death caused by Defendant not abiding by CBP mandates. Mr. Gomez Arellano was inside the tractor-trailer compartment for approximately three days, and died a slow and extremely painful death, before his decomposing body was found.

78. The emotional distress that Defendant's conduct caused Mr. Gomez Arellano was severe.

79. The wrongful acts and omissions of CBP employees caused the death of Mr. Gomez Arellano. It was not until approximately three days later that Mr. Gomez Arellano's decomposing body was found inside the interior container of the tractor-trailer. Until his slow and painful death, Mr. Gomez Arellano agonized while locked inside an interior compartment of a tractor-trailer impounded by CBP, with no way out.

80. The emotional distress that Defendant's conduct caused Plaintiff was severe.

81. Defendant intentionally or recklessly violated a mandatory, non-discretionary duty by failing to open, search and inventory the closed containers inside the tractor-trailer once it was seized, as mandated by CBP policy.

82. Mr. Gomez Arellano's injuries and death were proximately caused by the intentional acts of Defendant.

83. The CBP employees' conduct caused Plaintiff emotional distress when she learned of the fact and horrific manner of her son's death.

84. The emotional distress that Defendant's conduct caused Plaintiff was severe.

85. The actions and omissions of Defendant constitute intentional infliction of emotional distress under Texas law.

86. Plaintiff is entitled to actual, compensatory, and punitive damages individually, and as a representative of Mr. Gomez Arellano's Estate.

## PRAYER FOR RELIEF

87. Plaintiff therefore respectfully requests a judgment against Defendant for:

    (a) actual and compensatory damages for the death of Mr. Gomez Arellano that resulted from the negligence of Defendant's employees and agents;

    (b) actual, compensatory, and punitive damages for the death of Mr. Gomez Arellano that resulted from the gross negligence, intentional, knowing or reckless actions of Defendant's employees and agents;

    (c) actual and compensatory damages for funeral, burial, and other costs pertaining to Mr. Gomez Arellano's death;

    (d) reasonably and necessary attorneys' fees, and

    (e) such other relief as this Court deems just and proper.

Dated: May 13, 2019               Respectfully Submitted,

       /s/ Efrén C. Olivares
Efrén C. Olivares
Attorney-in-Charge for Plaintiff
State Bar No. 24065844
SDTX Bar No. 1015826
efren@texascivilrightsproject.org
Karla M. Vargas
State Bar No. 24076748
SDTX Bar No. 3336176
Ricardo Garza
State Bar No. 24109912
SDTX Bar No. 3336127
Erin Thorn Vela
State Bar No. 24093261
SDTX Bar No. 2744303
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171 ext. 121

Attorneys for Plaintiff Blanca Gomez Arellano

## CERTIFICATE OF SERVICE

I, Efrén C. Olivares, hereby certify that a copy of the foregoing Complaint will be timely served on the United States of America in accordance with the Federal Rules of Civil Procedure.

       /s/ Efrén C. Olivares
Efrén C. Olivares